# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason M. Compton,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0733** (Kanawha County 19-P-61)

**Shawn Straughn, Superintendent,**
**Northern Regional Jail and Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason M. Compton, self-represented litigant, appeals the July 18, 2019, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Regional Jail and Correctional Center, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, petitioner was indicted in the Circuit Court of Kanawha County on two counts of robbery and two counts of conspiracy to commit robbery. Petitioner faced the possibility of being charged as a recidivist because he had a prior conviction for robbery, in 2007, and a prior conviction for conspiracy to transport drugs into a jail in 2010.

The parties reached a plea agreement that was favorable to petitioner. Petitioner pled guilty to one count of robbery, without reference to the use of a firearm, in exchange for the State's dismissal of the other charges and agreement not to file a recidivist information. In petitioner's guilty plea, he "acknowledged that he understood his constitutional rights and acknowledged that he was totally satisfied with the representation afforded him by his lawyer." By order entered on

1

November 2, 2015, the circuit court found that petitioner's guilty plea "was knowing, voluntary, intelligent, understanding[,] and freely given."

Prior to sentencing, the circuit court received a letter from petitioner, in which he stated that:

> . . . [H]e robbed the bank . . . to get money to get drugs. He stated he was high, but acknowledged that was no excuse. The petitioner blamed his co-defendant . . ., but recalled specifics about the robbery such as the shirt, hat[,] and mask he was wearing as well as the fact that he used a BB gun so that no one would get hurt. . . . He did not state that he didn't understand what he was doing, nor did he state was so impaired that he lacked capacity. Indeed, he stated he did have capacity in that he said clearly, the motive for the robbery was to get money to get drugs.

The circuit court imposed a sentence of thirty years of incarceration.[1]

On February 20, 2019, petitioner filed a petition for a writ of habeas corpus and motion for the appointment of counsel. By order entered on April 24, 2019, the circuit court denied the motion. Petitioner filed a second motion for the appointment of counsel on May 17, 2019. The circuit court denied that motion by order entered on May 24, 2019.

By order entered on July 18, 2019, the circuit court denied the habeas petition. The circuit court found that petitioner alleged that (1) his trial counsels were ineffective because they failed to conduct a reasonable investigation regarding voluntary intoxication and diminished capacity and to advise petitioner that it was possible to raise those defenses; and (2) given his trial counsels' ineffective performance, the circuit court lacked jurisdiction in his criminal case. The circuit court determined that petitioner's "conclusory" allegations that voluntary intoxication and diminished capacity were available defenses did not warrant a hearing or the appointment of counsel as the

---

[1]The date of the circuit court's sentencing order is not reflected in the appellate record. Petitioner's appendix consists only of the July 18, 2019, order denying his petition for a writ of habeas corpus. Respondent argues that this Court should disregard petitioner's assignments of error alleging that the circuit court failed to rule on a motion to file an amended habeas petition and a request for a copy of his case file as the appellate record contains no evidence of such requests. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim"). Therefore, we disregard any argument based on materials not included in petitioner's appendix, including his contention that the circuit court failed to rule on a motion to file an amended habeas petition and a request for a copy of his case file.

record reflected that petitioner had the specific intent to commit the robbery to obtain money for drugs. The circuit court further determined that petitioner's jurisdictional claim was derivative of his ineffective assistance claim, and, therefore, denied both claims.

Petitioner now appeals the circuit court's July 18, 2019, order denying the habeas petition. This Court reviews circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that prior to denying the petition, the circuit court should have held a hearing and appointed counsel, arguing that this was his omnibus habeas corpus proceeding. Upon our review of the record, we find that petitioner misunderstands the nature of the circuit court's denial of his habeas petition. Given its determination that petitioner's allegations were conclusory, the circuit court found that the petition did not warrant an omnibus proceeding.

In *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981), we noted that "[a] mere recitation of any of [the] . . . grounds [for habeas relief] without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." In Syllabus Point 3 of *Anstey*, we held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

*Id.* at 412, 787 S.E.2d at 864.

Respondent argues that the circuit court properly denied the petition in accordance with this Court's decision in *Perdue* and its progeny. We agree and conclude that the circuit court's denial of the habeas petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's July 18, 2019, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 25, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison